UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

EARL BETTERSON JR.,                 :

    **Plaintiff**                        :       **COMPLAINT**

    V.                              :
                                        **JURY TRIAL DEMANDED**

LORI STRUNCK, XORINE VILLEGAS,
LIANE GAWRORISK, HASEED MAHMOOD,    :
SAMUAL LOPEZ, JOSEPH NARVAEZ,       :
RICK OGUREK, VICTORIA L. KUHN,      :
sued in their individual and        :
official capacities.                :
                                   :

    **Defendants**                      :
                                   :

## I. INTRODUCTION

This is a civil rights action filed by Plaintiff Earl Betterson Jr., alleging medical indifference and the torts of negligence and negligence per se, cruel and unusual punishment under Eighth Amendment to the United States Constitution for denial of serious medical care needs.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction of this civil action under 28 U.S.C. 1331 and 1343(3) and (4). The matters in controversy arise under 42 U.S.C. 1983.

2. Venue properly lies in this District pursuant to 28 U.S.C. 1391(b)(2), because the events giving rise to this cause of action occurred at Northern State Prison

("hereinafter, "NSP") and East Jersey State Prison (Hereinafter, "EJSP"), which is located within the District of New Jersey, Newark.

3. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. 1367.

### III. PARTIES

4. Plaintiff Earl Betterson is and was, at all times relevant hereto, a prisoner in the custody of the New Jersey State Department of Corrections (Hereinafter, "NJDOC"). At all-time of the events relevant hereto, Plaintiff incarcerated at NSP and EJSP. Plaintiff is currently incarcerated at EJSP.

5. Defendant Lori Strunck, RDH, Occupational Health care provider is the health care provider contracted by NJDOC, who at all times relevant hereto was assigned to NSP.

6. Defendant Liane Gawrorisk, RN, Nurse Practitioner provider is the health care provider contracted by NJDOC, who at all times relevant hereto was assigned to NSP.

7. Defendant Xorine Villegas, RN, Nurse Practitioner occupational Health care provider is the health care provider contracted by NJDOC, who at all times relevant hereto was assigned to NSP.

9. Haseeb Mahmood, DMD, Samual Lopez, DMD, Joseph Narvaez, DMD, Rick Ogurek, DMD, Dentists, East Jersey State Prison occupational Health care provider is the health care providers contracted by NJDOC, who at all times relevant hereto was assigned to NSP and EJSP.

9. Victoria L. Kuhn, Commissioner of The New Jersey Department of Corrections (NJDOC) is at all times relevant hereto responsible for the hiring of the health care provider defendants.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. The Plaintiff exhausted all available administrative remedies. The Plaintiff sought relief in his grievance to EJSP Administration and was told "to contact your private attorney or the court to file a request for the compensation you noted."

## V. FACTUAL ALLEGATIONS

11. Officials violate the New Jersey State, Federal, and U.S. constitution only when they act with deliberate indifference: i.e., when they actually know about an inmate's serious medical need but fail to respond reasonably by providing adequate treatment. A medical official is also responsible for information he gets during his examination of an inmate, information he gets from a reveiw of the inmates medical records; conversations with guards, other doctors, or an inmate's family memebrs.

12. Deliberate indifference is a critical part of any medical care claim. Here is the rule: "Jail and prison officials violated the New Jersey State, Federal, and U.S. constitution when they act with deliberate inidifference to an inmate's serious needs."
This rule can be broken down into (4) elements:
1) A serious medical need, 2) Must show the officials had actual knowledge of your serious medical need, 3) The officials failure to respond reasonably by

providing you adequate treatment., and **4)** That the officials deliberate indifference caused you an injury or is likely to injure you in the future.

Evidence the Plaintiff has satisfied all (4) elements are listed below:

13. On or about September 2, 2016, Plaintiff complained about the abscess above the infected tooth #14. This was the first time the Plaintiff showed he **had a serious medical need.** A tooth cavity that becomes diseased or very painful, or makes you unable to perform normal activities, is a serious medical need. **(**See: attached Office Visit/Dental Visit report**)** (Element #1)

14. During a dental visit the dentist assistant acknowledged the infected tooth and drained the puss and blood on October 7, 2016, and the Plaintiff was rescheduled for follow-up a dentist appointment because no dentist was available and/or have arrived yet. This is evidence the **officials had knowledge of his serious medical need.** (Element #2)

15. Plaintiff was unable to eat properly because of his swollen gums and pain, and on October 30, 2017, Plaintiff was prescribed 30 Amoxicillin 500 mg pills and 30 Ibuprofen 600 mg pills for the infection in relation to the infection and pain in tooth No.14 **(**See: attached medication report page 18**)**. During the years of 2018 and 2019 no treatment was done to tooth #14 only more prescribed Acetaminophen was given between those two years. **(**See: attached Medication report pg. 19 & 20**).**

16. On August 24, 2020, Plaintiff continued to complain about the issues he was experiencing with tooth No. 14 and explained to the dental provider that swelling has continued to come and go (referring to his gums and face). They prescribed him 30 Amoxicillin 500 mg pills and 30 Ibuprofen 600 mg pills for the infection above tooth No.14  (See: attached Medication Report pg. 23).

17. On September 9, 2020, Plaintiff reiterated his request for the extraction of tooth #14, but was again told that due to issues related to Covid-19 surgery could not be performed to remove the tooth. Plaintiff was given 30 Ibuprofen 600 Mg pills for pain (See: attached Medication Report pg. 23)

18. On September 17, 2020, Plaintiff complained about the pressure and pain above tooth No.14, and showed the dentist the bump on his gums where puss and blood kept leaking from. Plaintiff was prescribed 30 more Ibuprofen 600 mg pills for the infection and pain. (See: attached Medication Report pg. 23).

19. Four years has passed and the health service department **failed to respond reasonably** by providing the Plaintiff adequate treatment such as pulling the rotted tooth causing the infection. (Element #3)

20. The **official's deliberate indifference caused** the Plaintiff **further significant injury** when they provided him with inadequate treatment and over prescribed him excessive amounts of antibotic and ibuprofen pills for years **creating a serious injury.** (Element #4)

21. Finally, the Plaintiff filed a grievance with the administration at EJSP on March 15, 2021, and eight days later to Central Office on March 23, 2021 to force the dental department to pulled the infected rotted tooth because he was in tremendous pain, and out of fear this infection could be life threatening (See: attached Aministrative and Central Office Grievances).

22. On March 25, 2021, the dental department at East Jersey State Prison extracted Plaintiff's tooth No #14 and he was prescribed pain medication after the surgery. (See: attached Medication Report pg.23).

23. During the period leading up to the surgery, Plaintiff was having serious medical issues with diarrhea, and abdominal distress.

24. Plaintiff incorporates paragraphs 1 thru 23 as all were fully stated herein.

25. Defendant Haseeb Mahmood,DMD, Joseph Narvaez,DMD, Samual Lopez, DMD, Rick Ogurek, DMD, care providers exercised deliberate indifference to Plaintiff's health by failing to provide adequate medical to him in light of the crisis failure to provide emergency medical care to him regarding his tooth infection and refused to fulfill any of Plaintiff's requests to extract tooth No. 14 at a much earlier date.

26. A medical official is also responsible for information he gets during his examination of an inmate, information he gets from a review of the inmate's medical records. If medical health care provider's Lori Strunck, Xorine Villegas, and Liane Gawrorisk, Samual Lopez, Rick Ogurek,

would have reviewed the Plaintiff's medication records before prescribing additional medication they would have acknowledged that the Plaintiff was being given excessive amounts of Ibuprofen, Acetaminophen, and Antibiotics for pain. (See: attached Medication Report pg. 18, 19, 23, 24, 25, 27, 28).

27. There was no restriction or oversight on the amount of medication the Plaintiff was given and/or was already on for pain, and this lack of oversight led to the Plaintiff's significant injury. (See: attached Medication Report pg. 18, 19, **23, 24, 25, 27, 28**).

28. As a result of Lori Strunck, Xorine Villegas, Liane Gawrorisk, medical health care provider's, and, Dentists Haseeb Mahmood, DMD, Joseph Narvaez, DMD, Samual Lopez, DMD, Rick Ogurek, DMD, Commissioner NJDOC Victoria L. Kuhn, deliberate indifference to Plaintiff's condition, Plaintiff suffered further pain and mental anguish. Plaintiff continued to suffer from migraines, headaches, stomach pain, diarrhea, dehydration and general pain throughout his body and the medical health care provider refused to provide adequate care and emergency surgery to extract tooth No.14. In addition, Plaintiff was unable to eat properly off and on throughout the years, and days on end after the the surgery was performed. Diarrhea continued while receiving the medication for pain.

29. The Plaintiff was having severe abdominal distress, stomach pains, constantly dehydrated and dropped a slip for an appointment to see the doctor. Post tooth extraction stool samples revealed that the

overuse of the above prescribed medications and antibiotics caused extreme damages to the lining of Plaintiff stomach, simply stated by Dr. Barrington Lynch, MD, at EJSP, you have "diarrhea syndrome due to overuse of antibiotics for dental abscess/procedure and that wiped out the floor lining of your stomach." During the visit for extraction of the infected rotted tooth, Dr. Rick Ogurek, DMD stated, "it is a myth that a patient must be prescribe antibiotics before pulling the infected tooth," and told the Plaintiff he don't know why his colleagues prescribed him so many antibotics pills to take." (See: attached Medical Report statement by Dr. Barrington Lynch, MD).

30. Dr. Lynch then prescribed the Plaintiff Imodium A-D 2MG Tabs for the diarrhea for 10 days, Bismatrol 262 MG/15ML SUSP for the abdominal pains for 5 days, Flagyl 500 MG Tabs for 10 days and Acidophilus Probiotic Tablet for 30 days to repair Plaintiff's stomach lining, and Dr. Lynch told him to eat bread and crackers for two to three weeks to strengthen his coating of his stomach lining. (See: attached Medication Report pg. 29).

31. "Prison officials violate the New Jersey State, Federal, and U.S. Constitution when they intentionally deny or delay access to medical care, provide grossly inadequate treatment, or intentionally interfere with prescribed treatment. As a general rule, a delay violates the N.J., Federal, and U.S Constitution if it is (1) medically unjustified and (2) clearly likely to make the inmate's medical problem worse or result in a lifelong handicap or a permanent loss."

32. As it states, "A doctor's willful disregard for an obvious medical problem may be deliberate indifference." Also, if the care that an official provides is grossly inadequate (glaringly, inexcusably bad), or if he/she intentionally decides to take an easier or cheaper but much less effective course of treatment, he/she may be deliberately indifferent.

33. Dental Care: Deliberate indifference to serious dental needs is unconstitutional. The presence of a serious dental need may be be based on various factors, such as the pain suffered by the Plaintiff,...the deterioration of the teeth due to a lack activities. Thus, the restoration or extraction of painful decayed teeth, and the making of dentures for patients who need them to eat properly, are serious needs.

34. "Federal Courts have intensified their oversight of state penal facilities, reflecting a heightened concern with the extent to which the ills that plague so-called correctional institutions -- overcrowding, understaffing, unsanitary facilities, brutality, constant fear of violence, **lack of adequate medical and mental health care**" (The Constitution, Amendment VIII). "**An action is not given to one who is not injured; An** action is not given to him who received no damages."

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff Earl Betterson Jr., respectfully request that the Court grant judgment in his favor against all defendants in an amount sufficient to compensate him for the pain and mental anguish suffered by him due to the deliberate indifference and failure to provide adequate medical care and emergency surgery to extract his tooth, but in no event less than One Million ($1,500,000), together with his attorney's fees and costs, and such additional relief as this Court may deem just and proper.

Respectfully submitted,

By: _____
Earl Betterson, **pro se**

Dated: _____

I declare under the penalty of perjury pursuant to 28 U.S.C., 1746 that the foregoing statements made herein by me are true. I understand that if any of the statements made by me are willfully false, I am subject to penalty.

_____
EARL BETTERSON (c)