NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| EARL BETTERSON, JR., | : | |
| | : | Civil Action No. 22-4839 (CCC) (JRA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| LORI STRUNCK, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CECCHI, District Judge.**

*Pro se* Plaintiff Earl Betterson, Jr., an inmate at East Jersey State Prison, seeks to commence a civil rights lawsuit and proceed *in forma pauperis* (IFP). ECF No. 1. For the reasons below, the Court will deny Plaintiff's IFP application without prejudice and administratively terminate the action.

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP. Under the Act, a prisoner seeking to proceed IFP must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

Here, Plaintiff's IFP application does not include the necessary account statement certified by a facility official or indicate any efforts to obtain one. ECF No. 1-2. Moreover, it appears that

Plaintiff utilized a different form than the one generally used in this Court. Accordingly, this Court will deny Plaintiff's application without prejudice and direct the Clerk to send Petitioner a proper form. Petitioner may complete that form and send it back to this Court accompanied by a certified account statement and request to reopen the case.

Additionally, whether the matter proceeds IFP or Plaintiff pays the filing fee, the Court must still screen Plaintiff's complaint and dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the filing fee is not refunded. If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, IT IS on this 3rd day of August 2022,

**ORDERED** that the application to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee. This is not a "dismissal" for purposes of the statute of limitations. If the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Room 4015, Newark, NJ 07101, within 45 days of the date of entry of this Order; Plaintiff's

writing shall include <u>either</u> (1) a complete, signed IFP application, including a legible certified six-month prison account statement, <u>or</u> (2) the $402 fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete IFP application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and a blank IFP application (DNJ-Pro Se-007-A-(Rev.12/2020)) upon Plaintiff by regular U.S. mail.

*s/ Claire C. Cecchi*
Claire C. Cecchi, U.S.D.J.